IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carmichael T. Flowers, | ) | C/A No. 8:15-cv-01309-TMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Lavern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 14.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 16, 2015.[1] [Doc. 1.] On June 1, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 13, 14.] On June 2, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 15.] Petitioner's response in opposition was entered on the docket on August 10, 2015. [Doc. 36.]

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, construing the filing date in the light most favorable to Petitioner, this action was filed on March 16, 2015. [Doc. 1 at 24 (declaration in Petition, stating it was placed in the prison mailing system on March 16, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Ridgeland Correctional Institution pursuant to orders of commitment of the Florence County Clerk of Court. [Doc. 1 at 1.] In March 2009, Petitioner was indicted for malicious injury to real property, malicious injury to personal property, criminal domestic violence of a high and aggravated nature, and kidnapping. [App. 732–34.[2]] On July 20, 2009, represented by Scott P. Floyd ("Floyd"), Petitioner proceeded to trial. [App. 1–529.] The jury returned a verdict of not guilty on the kidnapping charge and guilty on the other charges [App. 511–12], and Petitioner was sentenced to ten years imprisonment on the malicious injury to real property charge, five years imprisonment on the malicious injury to personal property charge, and 30 days imprisonment on the criminal domestic violence charge, all sentences to run consecutive [App. 528].

**Direct Appeal**

Petitioner appealed his conviction. Wanda H. Carter ("Carter") of the South Carolina Commission on Indigent Defense filed an *Anders*[3] brief on Petitioner's behalf in the South Carolina Court of Appeals, dated August 10, 2010, raising the following issue:

> The lower court erred in accepting appellant's refusal to waive his right to counsel in the case when the record clearly established that he desired to proceed pro se at trial.

---

[2]The Appendix can be found at Docket Entry Numbers 13-1 through 13-4.

[3]A brief filed pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

2

[Doc. 13-6 at 4.]  At the same time she filed the *Anders* brief, Carter submitted a petition to be relieved as counsel.  [*Id.* at 11.]  After being informed of his right to file a pro se brief [Doc. 13-7], Petitioner filed a pro se brief raising the following issues:

> 1. Appellate counsel failed to provide any assistance;
>
> 2. The Court of General Sessions did not have subject matter jurisdiction;
>
> 3. The trial court failed to provide due process and violated Petitioner's rights against double jeopardy;
>
> 4. The trial court erred in denying Petitioner's motion for a directed verdict; and
>
> 5. Petitioner was arrested without probable cause.

[Doc. 13-8.]  The South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved in an opinion that was submitted on August 15, 2011 and filed on August 25, 2011.  [Doc. 13-9.]  Remittitur was issued on September 12, 2011. [Doc. 13-10.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on August 22, 2012.  [App. 530–46.]  Petitioner alleged he was being held in custody unlawfully based on the following grounds, summarized as follows:

> A. Ineffective Assistance of Counsel
>
> > Issue I.  Trial counsel failed to subpoena two witnesses in Petitioner's favor whose testimony would have substantiated the dilapidated conditions of the real property at the time of its purchase and substantiated Petitioner's personal labor and construction of the real property to improve its value.
> >
> > Issue II.  Trial counsel failed to subpoena duces tecum and/or request the State's lead witness to produce actual and factual receipts

3

that would have substantiated ownership of the destroyed personal property and substantiated the value of the personal property. Additionally, trial counsel failed to object to the highly prejudicial self-prepared documents regarding ownership and value estimates.

B.    Ineffective Assistance of Appellate Counsel

1.    Appellate counsel failed to raise the objection to the introduction of the gun without identifying the chain of custody.

2.    Appellate counsel failed to raise the issue of the introduction of the text messages without providing authentication.

[*Id.*]  The State filed a return dated December 14, 2012.  [App. 547–51.]

A hearing was held on February 10, 2014, and Petitioner was represented at the hearing by Tristan M. Shaffer.  [App. 552–640.]  On March 10, 2014, the PCR court filed an order denying the PCR application.  [App. 721–29.]  A notice of appeal was timely filed and served. [Doc. 13-11.]

Lanelle Cantey Durant ("Durant") of the South Carolina Commission on Indigent Defense filed a *Johnson*[4] petition for writ of certiorari on Petitioner's behalf in the Supreme Court of South Carolina, dated November 20, 2014.  [Doc. 13-12.]  The petition asserted the following as the sole issue presented:

Did the PCR court err in failing to find trial counsel ineffective for not investigating and presenting a defense of common-law marriage which would have provided Petitioner with ownership to the damaged property and thus reduce the extent of damages for which he was responsible and thus reduce his sentence?

_____

[4]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief and effectively concedes the appeal lacks a meritorious claim.  *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

[*Id.* at 3.]  At the same time she filed the *Johnson* petition, Durant submitted a petition to be relieved as counsel.  [*Id.* at 12.]  On November 21, 2014, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a response.  [Doc. 13-13.] Petitioner filed a pro se response, dated December 10, 2014, alleging the following issues, quoted substantially verbatim:

> Subject Matter Jurisdiction . . .
> Was Petitioner indicted under the wrong statute?
>
> Does the statute 16-11-520 and 16-11-510 has as its element a cost of the "value" of what was damaged and not the opinion of the owner that must exceed $5,000 to be considered a felony[?]
>
> Did the court rely upon a estimate that should have not been used to obtain the amount of damage?  And should that estimate be allowed into evidence without being questioned by the defense counsel?

[Doc. 13-14 at 3.]  The court denied the petition and granted counsel's request to withdraw on March 4, 2015 [Doc. 13-15] and remitted the matter to the lower court on March 20, 2015 [Doc. 13-16].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on March 16, 2015.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**    Ineffective Assistance of Counsel (Trial)
>
> *Supporting facts*:    (1) failed to investigate, all the evidence came from the solicitor, (I.E. photos, phone records, text messages (not authenticated) counsel did not question estimate report, counsel never fixed a timeline for events, never sent anyone to take pictures of damage.  This lawyer did nothing I begged for months to have him reli[e]ved.

5

**GROUND TWO:**    The expense to the owner of damaged property for labor, can't be used for a substitute for the value.

*Supporting facts*:    The crime in its essence is criminal damage to property not total expense to repair damage.    See PCR attachment sheet.

**GROUND THREE:**    Subject Matter jurisdiction, Petitioner should have been charged under 16-11-570

*Supporting facts*:    Petitioner was living in the home at the time of damage and in fact was a "tenant" and had possession.    I occupied premise of another in subordination to the other's title with assent (expressed or implied) in South Carolina that makes me a "tenant"

[Doc. 1 at 15–18.]  As stated, on June 1, 2015, Respondent filed a motion for summary judgment.  [Doc. 14.]  On August 10, 2015, Petitioner filed a response in opposition.  [Doc. 36.]  Accordingly, the motion for summary judgment is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court

6

may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at

7

252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief

to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)   (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

12

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

13

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## **DISCUSSION**

**Non-Cognizable Claims**

In Ground Two, Petitioner argues that a calculation of the expense to the owner to repair damaged property cannot be used as a substitute for the value of the damaged

14

property[6]; in Ground Three, Petitioner argues the trial court did not have subject matter jurisdiction because Petitioner should have been charged under a different statute. [Doc. 1 at 16–18.]  However, federal habeas actions provide for review of solely federal law claims.  *See* 28 U.S.C. § 2254(a) (a federal court will review only petitions alleging violations of federal law).  Whether property damage met the requisite amount to be charged as a state criminal offense and subject matter jurisdiction of a state court are state law issues not cognizable in this federal habeas action.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding that jurisdiction is a matter of state law).  Therefore, in Grounds Two and Three, Petitioner has failed to present challenges to his convictions that are actionable under 28 U.S.C. § 2254, and these grounds should be dismissed.[7]

---

[6]In the supporting facts section under Ground Two, Petitioner states, "The crime in its essence is criminal damage to property not total expense to repair damage.  See PCR attachment sheet." [Doc. 1 at 16.]  In the PCR attachment sheet, Petitioner argued that he was criminally convicted of malicious injury to personal property that did not amount to the statutory required amount to make it a criminal offense.  [App. 541.]  Thus, the Court construes Petitioner's argument in Ground Two as contending that the calculation of the expense to the owner to repair the damaged property was improperly used to increase the amount of damages to constitute a criminal offense, but if the actual value of the property had been used, Petitioner could not have been charged with a criminal offense.

[7]In his response in opposition to the motion for summary judgment, Petitioner, for the first time, classifies his claim that the trial court lacked subject matter jurisdiction because he was charged under the wrong statute as a claim of ineffective assistance of counsel because trial counsel allowed Petitioner to be tried under the wrong statute. However, in the Petition, this claim was raised as a direct challenge to subject matter jurisdiction and not as an ineffective assistance of counsel claim. [Doc. 1 at 18.]  Because new matters cannot be raised in a response in opposition to a motion for summary judgment, *Temple v. Oconee County*, C/A No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014) (citing *White v. Roche Biomedical Labs.*, 807 F.Supp. 1212, 1216 (D.S.C. 1992)), the Court declines to address this argument.

**Merits of Remaining Ground**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state

16

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

In Ground One, Petitioner argues trial counsel was ineffective for failing to investigate; specifically, he argues that trial counsel failed to investigate the evidence from the solicitor, did not question the estimate report regarding the damaged property, never fixed a timeline of events, and never sent anyone to take pictures of the damage. [Doc. 1 at 15.] When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[8] *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and latitude that are

---

[8]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

17

not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court evaluated trial counsel's performance under the standard set forth in *Strickland*. [App. 722–28.] With respect to Ground One, the PCR court found,

> [Petitioner] claims that Floyd was ineffective for failing to interview and call several witness, and failing to investigate the evaluations the State presented to establish the extent of damage done to the victim's real and personal property. The Court finds this allegation is without merit.
>
> To establish counsel failed to prepare adequately for trial, applicant must present evidence of what counsel could have discovered or what other defenses could have been pursued had counsel more fully prepared. Jackson v. State, 329 S.C. 345, 495 S.E.2d 768 (1998); Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result)); Skeen v. State, 325 S.C. 210, 481 S.E.2d 129 (1997) (applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial). Additionally, an applicant's testimony regarding what a witness would have testified to at trial is insufficient to meet burden of showing prejudice in counsel's

18

> failure to call witness. <u>Glover v. State</u>, 218 S.C. 49, 458 S.E.2d 538 (1995).
>
> Here, it is uncontroverted that Floyd searched for every witness [Petitioner] named; many of whom Floyd found and interviewed.  It appears that Floyd subpoenaed several of these witnesses for [Petitioner's] trial.  It further appears that Floyd, bound by ethics, dismissed one potential witness because she offered to perjure herself . . . minutes before [Petitioner's] trial.  This Court finds that Floyd, despite the allegation, reviewed the State's pictures and estimates with [Petitioner] prior to trial.  Moreover, at [Petitioner's] PCR hearing, [Petitioner] did not present any evidence or a witness regarding an alternative evaluation for the damage he did or did not cause, or his ownership interest in any real or personal property he was convicted of damaging.  Instead, [Petitioner] only suggested that the figures used to calculate the destruction he caused were inflated and his friend Nat Mitchell and Leroy Brown would have testified that had an ownership interest in some of the property.  Therefore, the Court finds that [Petitioner] has failed to overcome the burden of proof necessary for this Court to grant relief.

[App. 726–27.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*.  The facts supporting

19

the PCR court's reasoning are well founded in the testimony at the PCR hearing. Therefore, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief based on Ground One.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 9, 2015
Greenville, South Carolina