IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carmichael T. Flowers, | ) | |
| | ) | Civil Action No. 8:15-1309-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lavern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections and is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's motion for summary judgment and dismiss the petition. (ECF No. 45). Petitioner filed objections to the Report. (ECF No. 15).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina, this matter was initially referred to a magistrate judge.

1

timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner was indicted for malicious injury to real property, malicious injury to personal property, criminal domestic violence of a high and aggravated nature, and kidnapping. (ECF No. 45 at 2). Petitioner proceeded to trial represented by counsel. (ECF No. 45 at 2). The jury returned a verdict finding Petitioner not guilty of kidnapping and criminal domestic violence of a high and aggravated nature, but guilty of the lesser-included offense of criminal domestic violence and both malicious injury to property charges. (ECF No. 13-4 at 102).

In his petition for habeas relief, Petitioner raises three grounds for relief. (ECF No. 1). First, Petitioner claims that trial counsel provided ineffective assistance of counsel by failing to investigate the evidence. (ECF No. 1 at 15). Second, Petitioner asserts the calculation of the amount of damaged property should not include amounts spent on labor. (ECF No. 1 at 16). Third, Petitioner claims that he was charged under the wrong South Carolina statute.[2] (ECF No. 1 at 18).

The magistrate judge considered each of Petitioner's arguments in her well-reasoned Report. (ECF No. 45). The magistrate judge recommended the court find that grounds two and three are not cognizable in a federal habeas petition because they raise only state law issues. (ECF No. 45 at 15). As to the first ground of relief raised by Petitioner, the magistrate judge

---

[2] In his petition, Petitioner raises this ground as a challenge to the state court's subject matter jurisdiction. (ECF No. 1 at 18). In his response to the motion for summary judgment, Petitioner raised, for the first time, that trial counsel provided ineffective assistance of counsel for failing to object to him being prosecuted under the wrong statute. (ECF No. 36 at 5–6). The magistrate judge recommended that this court decline to consider the ineffective assistance of counsel issue because it was first raised in a response to the motion for summary judgment. (ECF No. 45 at 15 n.7). Petitioner did not object to that recommendation. *See, e.g.*, 28 U.S.C. § 636 (indicating that a court only has to conduct de novo review to any portion of the Report to which specific, written objections are made); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). The court finds that the magistrate judge did not commit clear error.

recommends this court find that the PCR court's analysis on Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of Supreme Court precedent. (ECF No. 45 at 19).

Petitioner filed thirty-six pages of objections to the Report. (ECF No. 54). Petitioner labels three principal objections he has to the Report. In his first category of objections, Petitioner presents various claims. (ECF No. 54 at 5–9). He initially asserts that he wanted to remove the public defender from his case, and then, in the same section, he argues that he did not receive a fair post-conviction relief ("PCR") hearing at both the trial court and appellate court levels. (ECF No. 54 at 5–7). He then contends that he was not allowed discovery to present his evidence to the PCR court and to the magistrate court. (ECF No. 54 at 8). He cites to the South Carolina Supreme Court opinion of *Frady v. State*, No. 2012-207126, 2015 WL 8478417 (S.C. Dec. 9, 2015). (ECF No. 54 at 7–8). The court finds that this objection is unspecific to the Report. In any event, the court finds that Petitioner's contentions are without merit. *Frady* dealt with a situation where a malfunction in the court reporter's equipment made it so that only the last eleven minutes of the petitioner's fifty-five minute long PCR hearing was recorded. *Id.* at \*1. After a motion was granted to reconstruct the record, the PCR judge notified the South Carolina Supreme Court that he could not reconstruct the record. *Id.* The supreme court remanded the case due to it being unable to conduct a "meaningful review" without a record. *Id.* The court finds that *Frady* raises state law issues only. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (stating that state law issues are not cognizable in a federal habeas petition). In addition, the case is not relevant to the issues involved in this case, and the court has thoroughly reviewed the state court documents, including the testimony before the PCR court, and finds that it can conduct a meaningful review of the transcript. *See* (ECF Nos. 13-4; 13-5).

In his second group of arguments labeled under the title "second objection," Petitioner claims that his trial counsel provided ineffective assistance of counsel by failing to investigate his case and subject the government's case to an adversarial process. (ECF No. 54 at 9–15). Petitioner asserts that trial counsel was ineffective for failing to call any of his witnesses to the stand. (ECF No. 54 at 9). Petitioner's third group of objections involves allegations that his trial counsel provided ineffective assistance of counsel for failing to investigate, (ECF No. 54 at 15–19, 25), and question the insurance estimate report, (ECF No. 54 at 19-24, 27–30).

The PCR court considered whether trial counsel provided ineffective assistance of counsel under the standards expounded in *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 13-4 at 102–110). As discussed by the magistrate judge, the PCR court made the following findings:

> Here, it is uncontroverted that Floyd searched for every witness Flowers named; many of whom Floyd found and interviewed. It appears that Floyd subpoenaed several of these witnesses for Flowers' trial. It further appears that Floyd, bound by ethics, dismissed one potential witness because she offered to perjure herself on Flowers' [behalf] minutes before Flowers' trial. This Court finds that Floyd, despite the allegation, reviewed the State's pictures and estimates with Flowers prior to trial. Moreover, at Flowers' PCR hearing, Flowers did not present any evidence or a witness regarding an alternative evaluation for the damage he did or did not cause, or his ownership interest in any real or personal property he was convicted of damaging. Instead, Flowers only suggested that the figures used to calculate the destruction he caused were inflated and his friends Nat Mitchell and Leroy Brown would have testified that had an ownership interest in some of the property. Therefore, this Court finds that Flowers has failed to overcome the burden of proof necessary for this Court to grant relief.

(ECF No. 13-4 at 107–08).

"Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of this Court . . . ; or that it 'involved an unreasonable application of' such law . . . ; or that it 'was based on an unreasonable determination of the facts' in light of the record

4

before the state court." *See Harrington v. Richter*, 562 U.S. 86, 100 (2011) (internal citations omitted). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 101.

As stated by the magistrate judge, the PCR court's denial of Petitioner's claim was not contrary to nor an unreasonable application of applicable Supreme Court precedent. (ECF No. 45 at 19). In addition, the PCR court's ruling was not an unreasonable application of the *Strickland* standard. The court has also reviewed the record and finds that the PCR court's decision is supported by the record.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit, and the court adopts the Report and Recommendation (ECF No. 45). Accordingly, Respondent's Motion for Summary Judgment (ECF No. 14) is **GRANTED**; and the petition is **DENIED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 7, 2016